UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mike Tillman, | ) | C/A No. 2:25-cv-04830-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| James Tillman, Sr., Gladds Tillman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is civil action filed by Plaintiff Mike Tillman, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I.    BACKGROUND

Plaintiff brings this case against Defendants James Tillman, Sr. and Gladds Tillman. His entire statement of his claim is:

> Selling of properties, tearing down houses, gutting houses Kicking family members out and putting someone else in That I don't know. Selling my moms house, it was worth $631,000.00 and James Tillman Sr Sold The house for $415,000.00 after I Mike Tillman told James Tillman Sr !No! do not sell The house

ECF No. 1 at 5 (errors in original). As relief, Plaintiff requests:

> I would like for The houses to be restored and all of the old Fire Places to be rebuilt and to Proclaim all of my land back. I Mike Tillman is The landLord of the land. according to The Probate. and the land is estimated well over ah Trillion dollars

*Id.* (errors in original).

Plaintiff also submitted a piece of paper titled "1625 Samuel Rd and all other propert[ies.]" He provides charts that appear to indicate the current or former ownership percentages Plaintiff alleges that he and others had or have in two properties. ECF No. 1-1 at 1.

## II.     STANDARD OF REVIEW

Although Plaintiff is not proceeding *in forma pauperis*,[1] this filing is nonetheless subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing; subject matter jurisdiction exists; and the case is not frivolous.[2] *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. Aug. 22, 2012); *Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (collecting cases and explaining that "[f]rivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint*"*); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000); *see also Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (noting that although 28 U.S.C. § 1915(d) was not applicable where a pro se party filed an appeal and paid the filing fee, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"). "[I]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *Brown v. Maynard*, No. L–11–619, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011) (citing cases).

Therefore, a court has "the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or

---

[1] Plaintiff paid the filing fee (receipt number 200020920).

[2] Pre-screening under 28 U.S.C. § 1915 is inapplicable in pro se, non-prisoner, fee-paid cases. *See Bardes v. Magera*, No. 2:08-487-PMD-RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that 28 U.S.C. § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*).

legally frivolous." *Id.* As such, this case is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. *See, e.g., Carter v. Ervin*, No. 14–0865, 2014 WL 2468351 (D.S.C. June 2, 2014); *Cornelius v. Howell*, No. 06–3387, 2007 WL 397449, at *3 (D.S.C. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 4952430 (D.S.C. Jan. 30, 2007), *aff'd*, 251 F. App'x 246 (4th Cir. 2007).

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     Lack of Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.[3]

---

[3] Plaintiff has not asserted diversity jurisdiction (*see* ECF No. 1 at 3). Moreover, he cannot establish diversity jurisdiction. A district court may also have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of

Plaintiff asserts federal question jurisdiction. Section 1331 provides: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In response to the question on the Complaint form (Complaint for a Civil Case) asking him to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, Plaintiff wrote: "title 18 section 641 of the United State[s] Code[.]" ECF No. 1 at 3.

Plaintiff fails to allege any facts to indicate how Defendants allegedly violated any of his rights under 18 U.S.C. § 641 (Public money, property or records) (§ 641).[4] Conclusory statements, without supporting facts or citation to specific legal precedent establishing a cause of action a

---

different States...".  28 U.S.C. § 1332. However, Plaintiff has not asserted diversity jurisdiction and has not alleged complete diversity of the parties. Here, Plaintiff and Defendants all appear to be citizens of South Carolina (*see* ECF No. 1 at 2) such that there is not complete diversity of the parties and thus no diversity jurisdiction. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).
[4] The statute provides:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value **of the United States or of any department or agency thereof**, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
>
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.
>
> The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

18 U.S.C. § 641 (emphasis added).

plaintiff seeks to pursue, fail to adequately establish federal question jurisdiction under Rule 8. *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

Moreover, Plaintiff has not alleged any facts to establish that the statute (§ 641) which he identifies as the basis for federal question jurisdiction creates a private cause of action, and "[t]he Supreme Court historically has been loath to infer a private right of action from "a bare criminal statute," because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000) (citing *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (observing that enforcement of statutory violation under § 1983 requires showing that "intended to create a federal right"). Where, as here, a criminal statute bears "no indication that civil enforcement of any kind was available to anyone," a civil complaint alleging violations of such statutes cannot be sustained as a matter of law. *Cort v. Ash*, 422 U.S. at 80. Other courts have specifically found that § 641 does not provide a private cause of action. *See Rouhi v. Kettler*, No. 19-3052, 2020 WL 3451871, at *3 (D. Md. June 24, 2020) (noting that 18 U.S.C. § 641 does not provide for a private cause of action), *aff'd*, 831 F. App'x 636 (4th Cir. 2020); *Atiemo v. Proctor*, PX-16-3763, 2016 WL 7012300, at *1 (D. Md. Dec. 1, 2016) (noting that § 641 provides no private cause of action); *Ali v. Timmons*, No. 04-CV-0164E, 2004 WL 1698445, at *2 (W.D.N.Y. July 26, 2004) ("Initially, plaintiff's claims for criminal theft and embezzlement must be dismissed because there is no private right of action, either express or implied, under the criminal statute raised by

5

plaintiff, 18 U.S.C. § 641.").[5]

B.     State Law Claims

To the extent Plaintiff instead may be attempting to assert claims under South Carolina law, any such claims should be summarily dismissed. Because Plaintiff fails to state any federal claim, only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...".  28 U.S.C. § 1332. However, as discussed above, Plaintiff has not alleged complete diversity of the parties.

Thus, there is no complete diversity and Plaintiff may not bring his claims pursuant to § 1332. As Plaintiff has asserted no valid federal claim and there is no diversity jurisdiction, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999)("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

---

[5] Even if Plaintiff could establish jurisdiction, his alleged claims are subject to summary dismissal because they are frivolous. He is attempting to bring a claim under a criminal statute (§ 641) for which he has no private right of action. Additionally, the statute specifically concerns the stealing or embezzlement of public (not private) money, property, or records. *See* 18 U.S.C. § 641.

## IV.     RECOMMENDATION

Based on the foregoing, it is recommended that this action be dismissed without prejudice,[6]

without issuance and service of process, and without leave to amend.[7]

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

August 8, 2025
Charleston, South Carolina

---

[6]*See Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for ... [a] defect in subject matter jurisdiction[] must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

[7] *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable"). Here, any attempt to cure the deficiencies in the Complaint would be futile for the reasons discussed above.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984)